Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
Ronaldo Bumbasi, Esq.
Nevada Bar No. 14176
BUMBASI LAW GROUP
6250 N. Durango Dr.
Las Vegas, Nevada 89149
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail:josh@bensonallred.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE KING, individually,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW UBBENS, individually; JOSEPH PATTON, individually; BRITTNEY TOMASO, individually; RYAN BALINT, individually; KYLE PRIOR, individually; JOSEPH SZUKIEWICZ, individually; KASEY KIRKEGARD, individually; LAS VEGAS METROPOLITAN POLICE DEPARTMNET, a political subdivision of the State of Nevada; DOE SWAT OFFICERS I through X, individually; DOE POLICE OFFICERS, XI through XX, individually;<br><br>Defendants. | CASE NO:<br><br>**<u>COMPLAINT</u>**<br><br>**JURY DEMANDED** |

COMES NOW Plaintiff, JASMINE KING, by and through her attorneys, Joshua L. Benson, Esq. of BENSON ALLRED and Ronaldo Bumbasi, Esq. of BUMBASI LAW GROUP and for her causes of action against the Defendants, alleges as follows:

### <u>GENERAL ALLEGATIONS</u>

1.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is appropriate in the District of Nevada pursuant to 28 U.S.C. § 1391 because the Defendants resided in this judicial district and the events and omissions giving rise to the claims alleged here occurred in the District of Nevada.

///

**PARTIES**

3.    Plaintiff JASMINE KING is a resident of Las Vegas, Nevada.

4.    Defendant ANDREW UBBENS is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant UBBENS was working under color of law and within the course and scope of his employment at all relevant times herein.

5.    Defendant JOSEPH PATTON is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant PATTON was working under color of law and within the course and scope of his employment at all relevant times herein.

6.    Defendant BRITTNEY TOMASO is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant TOMASO was working under color of law and within the course and scope of her employment at all relevant times herein.

7.    Defendant RYAN BALINT is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant BALINT was working under color of law and within the course and scope of his employment at all relevant times herein.

8.    Defendant KYLE PRIOR is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant PRIOR was working under color of law and within the course and scope of his employment at all relevant times herein.

9.    Defendant JOSEPH SZUKIEWICZ is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant SZUKIEWICZ was working under color of law and within the course and scope of his employment at all relevant times herein.

10.    Defendant KASEY KIRKEGARD is a police officer employed by the Las Vegas Metropolitan Police Department.  Defendant KIRKEGARD was working under color of law and within the course and scope of his employment at all relevant times herein.

11.    Defendant LAS VEGAS METROPOLITAN POLICE DEPARMENT is a political subdivision of the state of Nevada.

12.    Th true names and capacities of the Defendants designated herein as DOE SWAT OFFICERS and DOE POLICE OFFICERS are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  DOE SWAT OFFICERS and DOE POLICE OFFICERS are police

officers employed by the Las Vegas Metropolitan Police Department.  Defendants DOE SWAT OFFICERS and DOE POLICE OFFICERS were working under color of law and within the course and scope of their employment at all relevant times herein.

13.    Defendants JOSEPH PATTON, BRITTNEY TOMASO, RYAN BALINT, KYLE PRIOR, JOSEPH SZUKIEWICZ, KASEY KIRKEGARD, ANDREW UBBENS, DOE SWAT OFFICERS, and DOE POLICE OFFICERS are also collectively referred to as "Defendant OFFICERS."

14.    Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT employed Defendants ANDREW UBBENS, JOSEPH PATTON, BRITTNEY TOMASO, RYAN BALINT, KYLE PRIOR, JOSEPH SZUKIEWICZ, KASEY KIRKEGARD, DOE SWAT OFFICERS, and DOE POLICE OFFICERS.

15.    At all times relevant to Plaintiff's Complaint, Defendants ANDREW UBBENS, JOSEPH PATTON, BRITTNEY TOMASO, RYAN BALINT, KYLE PRIOR, JOSEPH SZUKIEWICZ, KASEY KIRKEGARD were acting under color of law and within the course and scope of their employment with Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

16.     When the true names and capacities of these DOE SWAT OFFICERS and DOE POLICE OFFICERS are ascertained, Plaintiff will amend this Complaint accordingly.

**FACTUAL ALLEGATIONS**

17.    Upon information and belief, on or before January 14, 2021, the Las Vegas Metropolitan Police Department received a false allegation from Tommie Pimentel that Christopher Ward had kidnapped and sexually assaulted him.

18.    Pimentel indicated that he was held at a residence located on E. Agate Avenue, Las Vegas, Nevada.

19.    At the time Pimentel made the allegations, Pimentel had an active criminal case for burglary, attempted theft, and forgery.

20.    Days after Pimentel made the false allegations against Ward, a request for prosecution against Pimentel was sent to the district attorney for 20-counts of forgery of credit or debit card and one-count for knowingly obtaining the personal identification of another with the intent to commit an unlawful act.

21.    Upon information and belief, Pimentel's false allegations against Ward were made at or near the time Las Vegas Metropolitan Police Department discovered Pimentel's forgery of credit and debit cards.

22.     On January 14, 2021, Defendant UBBENS, a Las Vegas Metropolitan Police Detective, was assigned to investigate allegations made against Christopher Ward.

23.     Within 24-hours of receiving the assignment to investigate the allegations, Defendant UBBENS applied for a warrant for the E. Agate Avenue residence—a residence occupied by Plaintiff Jasmine King and her 7-year old daughter.

24.     Upon information and belief, Defendant UBBENS did nothing to corroborate the false allegations Pimentel made against Ward.

25.     Upon information and belief, Defendant UBBENS omitted material information from his request for a warrant.

26.     Upon information and belief, Defendant OFFICERS did nothing to verify the occupants of the E. Agate Avenue residence.

27.     Just before 7:00 p.m. on January 15, 2021, Defendants JOSEPH PATTON, BRITTNEY TOMASO, RYAN BALINT, KYLE PRIOR, JOSEPH SZUKIEWICZ, KASEY KIRKEGARD, DOE SWAT OFFICERS, and DOE POLICE OFFICERS arrived at E. Agate Avenue to serve the warrant.

28.     The Defendant OFFICERS approached the door of the E. Agate Avenue residence and placed explosives on the door.

29.     After the explosives were placed, the Defendant OFFICERS suddenly and without warning detonated the explosives and blew apart the door.

30.     At the time the explosives went off, Plaintiff JASMINE KING, who was home with her young daughter, was near the door.

31.     Plaintiff JASMINE KING suffered serious injuries, including permanent damage to her eyes.

32.     The Defendant OFFICERS unreasonably, unnecessarily, negligently, recklessly and with deliberate indifference to Plaintiff's rights used explosives when serving the warrant.

33.     The Defendant OFFICERS used explosives without properly investigating Pimentel's baseless allegations and knowing that the alleged victim of any crime was not inside the E. Agate Avenue residence.

34.     Defendants JOSEPH PATTON, BRITTNEY TOMASO, RYAN BALINT, JOSEPH SZUKIEWICZ, KASEY KIRKEGARD, DOE SWAT OFFICERS, and DOE POLICE OFFICERS then

- 4 -

entered and searched the residence.

35.     As a direct and proximate result of the Defendant OFFICERS' actions, Plaintiff sustained serious injuries, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $75,000.00.

36.     As a direct and proximate result of the Defendant OFFICERS' actions, Plaintiff received medical and other treatment for the injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

37.     As a direct and proximate result of the Defendant OFFICERS' actions, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

38.     As a direct and proximate result of the actions of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

### (VIOLATION OF CONSTITUTIONAL RIGHTS—42 U.S.C. § 1983)

39.     Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

40.     Defendant OFFICERS, at all times herein, were acting under the color of law because each was a police officer and was acting pursuant to that authority.

41.     The Defendant OFFICERS' acts, which violated Plaintiff's right to be free from unreasonable searches and seizures, in violation of the Fourth Amendment, include but are not limited to:

    a.   The Defendant OFFICERS use of excessive force in gaining entry to the home.

    b.   The Defendant OFFICERS unreasonable execution of the warrant.

    c.   The Defendant OFFICERS use and manner of use of explosives.

    d.   The Defendant OFFICERS' use of an objectively unreasonable method of entry.

    e.   The Defendant OFFICERS use of recklessly false statements and/or reckless disregard for the truth and/or omitting material information to obtain a search warrant.

42.     The Defendant OFFICERS' acts, which violated the Plaintiff's right to be free from excessive

force, in violation of the Fourth Amendment, include but are not limited to:

      a.  The Defendant OFFICERS use of explosives without warning, in an objectively unreasonable manner, without consideration of alternatives, and/or without any emergency.

43.    The Defendant OFFICERS were each integral and full, active participants in the conduct described herein.

44.    By virtue of the facts set forth above, the Defendants are liable for compensatory and punitive damages for deprivation of civil rights to Plaintiff guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable searches and entries into their home.

45.    By virtue of the facts set forth above, the Defendants are liable for compensatory and punitive damages for deprivation of civil rights to Plaintiff guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the use of excessive force.

46.    Defendants, and each of them, were reckless and malicious in their actions.

## SECOND CAUSE OF ACTION

### (MUNICIPAL LIAIBLITY—42 U.S.C § 1983)

47.    Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

48.    Defendant OFFICERS acted under color of law when acting at all relevant times herein.

49.    The Defendant OFFICERS' actions deprived Plaintiff of her particular rights under the United States Constitution.

50.    Defendant OFFICERS acted or purported to act in performance of their official duties under state, county, or municipal law, ordinance or regulation.

51.    Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT has final policymaking authority concerning the acts and/or failure to act of the Defendants, and each of them.

52.    Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ratified the actions of the Defendant OFFICERS, including their improper application for a warrant, their excessive and/or unreasonable force in using explosives to breach the door, and/or unreasonable search and seizure.

53.    That is, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT knew of and

specifically made a deliberate choice to approve the Defendant OFFICERS' acts and the basis for it.

54.   Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT'S ratification of the acts and/or omissions of Defendant OFFICERS' acts and/or omissions, include, but are not limited to:

a)   Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT failed to conduct a prompt and thorough investigation of the events involving Plaintiff's injuries and the conduct of Defendant OFFICERS.

b)   Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT, upon information and belief, did not do anything or take any action with respect to the incident, resulting in de facto ratification.

c)   Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT allowed the use of explosives in an unreasonable manner while serving a search warrant.

d)   Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT allowed the Defendant OFFICER to not follow proper protocol in serving search warrants and using explosives.

55.   Plaintiff alleges, upon information and belief, that it is a policy, practice, and/or custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT to tolerate and ratify the use of explosives by its officers when use is not appropriate.  And it is the policy, practice, and/or custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT that directly led to the constitutional violations.

56.   Plaintiff alleges, upon information and belief, that it is a policy, practice, and/or custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT to tolerate and ratify the omission of material information in applying for warrants.  And it is the policy, practice, and/or custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT that directly led to the constitutional violations.

57.   Upon information and belief, that it is the policy, practice, and custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT to negligently hire, train and supervise its officers, agents, and employees.

58.   Upon information and belief, the Defendant OFFICERS' actions were performed pursuant to Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT'S policy, custom, and/or practice.

59. That the wrong and unlawful acts perpetrated by Defendant OFFICERS, and each of them, in intentionally disregarding the constitutional rights of Plaintiff was willful, oppressive, malicious, and with wanton disregard for the established rights of the Plaintiff.

## THIRD CAUSE OF ACTION

### (ASSAULT AND BATTERY—STATE LAW)

60. Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

61. Defendant OFFICERS, while working as police officers for Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT, and acting within the course and scope of their duties, used unreasonable and excessive force when they intentionally made the decision to use explosives in serving the warrant.

62. The use of explosives caused Defendant OFFICERS to make an intentional, unlawful, and harmful contact with Plaintiff.

63. The use of explosives caused Defendant OFFICERS to make Plaintiff feel apprehension of harmful or offensive contact.

64. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT is vicariously liable for the wrongful acts of the Defendant OFFICERS because they were acting under color of law and within the course and scope of their employment as police officers for Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

65. As a result of the unlawful contact and/or feeling of apprehension of harmful or offensive contact, Plaintiff suffered serious injuries to her face, including becoming legally blind.

66. Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $75,000.00.

## FOURTH CAUSE OF ACTION

### (NEGLIGENCE—STATE LAW)

67. Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

68. Defendant OFFICERS, while working as police officers for Defendant LAS VEGAS

METROPOLITAN POLICE DEPARTMENT and acting within the course and scope of their duties, had a duty to use reasonable care when applying for a warrant and serving the search warrant.

69.    The Defendant OFFICERS were negligent and reckless, including but not limited to:

      a.    The failure to properly and adequately assess the use of explosives;

      b.    The negligent use of explosives;

      c.    The failure to properly train and supervise employees, both professional and non-professional, including, handling situations of using explosives in serving warrants.

      d.    The negligent handling of evidence and witnesses.

      e.    The negligent investigation.

70.    The Defendant OFFICERS' use of explosives caused Plaintiff to suffer severe injuries.

71.    As a result of the unlawful contact and/or feeling of apprehension of harmful or offensive contact, Plaintiff suffered serious injuries, including becoming legally blind.

72.    Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT is vicariously liable for the wrongful acts of the Defendant OFFICERS because they were acting under color of law and within the course and scope of their employment as police officers for Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

73.    Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $75,000.00.

///

///

///

///

///

///

///

///

///

///

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, pray judgment against all Defendants, and each of them, as follows:

1.      For general damages sustained by Plaintiff in an amount in excess of $75,000.00;

2.      For special damages sustained by Plaintiff in an amount in excess of $75,000.00;

3.      For punitive damages;

4.      For reasonable attorney's fees and costs;

5.      For interest at the statutory rate; and

6.      For such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial in this case.

DATED this 30th day of July, 2021.

BENSON ALLRED INJURY LAW

*/s/ Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
6250 North Durango Drive
Las Vegas, Nevada 89149
Attorneys for Plaintiff